**Warren LECHTNER, Plaintiff,**

v.

**James BROWNYARD d/b/a WHYP Country Radio, Defendant.**

**Civ. A. No. 80–87 ERIE.**

United States District Court, W. D. Pennsylvania.

Sept. 22, 1981.

Michael E. Dunlavey, North East, Pa., for plaintiff.

John M. Wolford and Charles D. Marlett, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

### I.

Plaintiff, a resident and businessman in North East, Pennsylvania, was a member of the North East District School Board. He brought an action against defendant, the owner and operator of a local radio station, for alleged defamatory statements broadcast by defendant over the station, which accused plaintiff of misconduct and malfeasance done for private and personal motives. The case was conducted by the late Judge Knox of this court through trial and a verdict was returned in favor of plaintiff. Motions for a New Trial and/or Judgment N.O.V. were pending at the time of Judge Knox's death and the case has been reassigned to this writer. We have reviewed the various briefs of counsel addressed to this motion.

The first ground alleged is that the court lacked jurisdiction of the issue. The action was brought in this court under the Personal Attack Rule of the Federal

Communications Commission (47 CFR 73.-123) issued under authority of the Federal Communications Act, 47 U.S.C. § 151 et seq. Pendent state law claims for defamation were added to the complaint.

This argument was raised, briefed and argued before trial by Defendants' Motion for Summary Judgment, and it was denied before trial by Judge Knox's order of May 28, 1981. The private right of action for damages under the Personal Attack Rule has been previously upheld in this court in an extensive analytical opinion in *Lorentz v. Westinghouse Electric Corporation*, 472 F.Supp. 946 (W.D.Pa.1979). Furthermore, even though the private cause of action pleaded under the Federal statute should fail, the federal district court retains its jurisdiction to try the pendent claims where the pleaded federal claim was not frivolous. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Rosado v. Wyman*, 397 U.S. 397, 9 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

We find that the court had jurisdiction.

## II.

Defendant claims that it was necessary that plaintiff prove actual malice by "clear and convincing proof" to overcome defendant's First Amendment Right, under *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). It is argued that in instructing the jury the court used the standard of preponderance of the evidence. Plaintiff argues that the preponderance of the evidence standard was correctly applied to this state law cause of action under *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 273 A.2d 899 (1971), where, on reviewing *Sullivan*, the Pennsylvania Supreme Court found that the "Court was not addressing the degree of proof with which the plaintiff must convince the jury, but the standard by which the court must review the evidence adduced to determine its sufficiency to warrant submission of the case to the jury without impairing the defendant's constitutional rights." 441 Pa. 457, 273 A.2d at 912. This interpretation is buttressed by our Court of Appeals in *Rosenbloom v. Metromedia, Inc.*, 415 F.2d 892, 897 (3d Cir. 1969).

In any event, no exception was taken to the court's charge at the time it was given, and it may not now be assigned as error under Fed.R.Civ.P. 51.

Defendant also argues that in the charge the judge instructed the jury to determine whether the defendant's statements were "susceptible" of a defamatory meaning, whereas he should have instructed them to find if they were "capable" of a defamatory meaning. Again, this is a matter that the judge must decide before submitting the case to the jury. The jury's function is to determine if it was so understood by the recipient. See Restatement, Second of Torts § 614, *Corabi*, cit. supra, 273 A.2d at p. 904. The trial judge made this determination during the trial after hearing the arguments of counsel thereon at several points. The trial judge did so instruct the jury with respect to the court's finding, and properly submitted the matter to the jury.

Again, the failure of defendant to raise the objection under Fed.R.Civ.P. 51, bars our consideration of this issue at this time.